# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8301 | **DATE** | 5/11/2004 |
| **CASE TITLE** | Met Life Ins vs. Nelda Olaer | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reason stated in the attached memorandum opinion, the Court grants plaintiff's motion for judgment on the pleadings. All pending dates and motions are hereby terminated as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | MAY 12 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. Judge's staff distributed Memorandum Opinion in open Court. | | | JXM docketing deputy initials | 34 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | | date mailed notice mailing deputy initials | |

METROPOLITAN LIFE INSURANCE, )
COMPANY, )
)
        Plaintiff, )
)
v. ) No. 01 C 8301
)
NELDA OLAER and JUSTINA OLAER, )
)
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Metropolitan Life Insurance Company's ("MLI") motion for judgment on the pleadings. For the reasons stated below, we grant the motion for judgment on the pleadings.

## BACKGROUND

Michael Olaer ("the Insured"), now deceased, was employed by the federal government at the General Service Administration Office of the Inspector General and he had a life insurance policy with MLI that was created and governed by the Federal Employer's Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701-8716, and 5 C.F.R. part 870. On October 8, 1996, the Insured signed a Designation of

1

Beneficiary Form and named Plaintiff Nelda Olaer, the Insured's wife, as the recipient of 75% of the proceeds and Justina Olaer, the Insured's mother, as the recipient of the remaining 25% of the proceeds ("1986 designation").(Am Compl. 11a)(Ans. 11). On November 27, 1996, the Insured submitted an unsigned Designation of Beneficiary Form and named Plaintiff Nelda Olaer, the Insured's wife, as the recipient of 90% of the proceeds and Justina Olaer, the Insured's mother, as the recipient of the remaining 10% of the proceeds ("attempted 1996 designation").(Am Compl. 11b)(Ans. 11). The Insured subsequently passed away.

Following the death of the Insured MLI paid 75% of the proceeds of the insurance to Plaintiff Nelda Olaer. MLI also paid 10% to Justina Olaer. MLI is now before the court seeking a declaratory judgment finding that Justina Olaer should be paid the remaining 15% ($57,600.00 plus interest) in accordance with the 1986 designation.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Rule 12(b) motion to dismiss standard for Rule 12(c) motions and thus the court may "grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that

2

would support his claim for relief.'" *Id.*(quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993)). The court, in ruling on a motion for judgment on the pleadings, must "accept as true all well-pleaded facts,"*Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000), and "'view the facts in the complaint in the light most favorable to the nonmoving party.'"*Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 452(quoting *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995)). The main difference between a Rule 12(b) motion and a Rule 12(c) motion is that a Rule 12(b) motion may be filed before the answer to the complaint is filed, whereas, a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.*

A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *Id.* at 452. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* In ruling on a motion for judgment on the pleadings a "district court may take into consideration documents incorporated by reference to the pleadings . . . [and] may also take judicial notice of matters of public record." *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). If the court considers matters outside the pleadings, the court should convert the motion for judgment on the pleadings into a motion for summary judgment. *Northern Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 453 n.5.

3

## DISCUSSION

Plaintiff contends that MLI should abide by the attempted 1996 designation and that the remaining 10% of the insurance proceeds should be given to Plaintiff. The designations at issue were governed by the FEGLIA. The FEGLIA, 5 U.S.C. § 8705(a), states in part:

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries designated by the employee *in a signed* and witnessed writing received before death in the employing office or, if Insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) of this title, in the Office of Personnel Management. *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

5 U.S.C. § 8705(a)(emphasis added). Plaintiff readily acknowledges that the Insured did not sign the attempted 1996 designation. Plaintiff claims that the Insured's attempted 1996 designation was properly witnessed and written in the Insured's own hand, but that the signature line was not signed. Plaintiff contends that the FEGLIA handbook required that the Designation of Beneficiary Form be reviewed by the employing office to make sure that it was completed properly. However, the diligence of the Insured's employing office in checking the Insured's attempted

4

designation cannot change the fact that the Insured did not sign the attempted 1996 designation and that the designation was not properly executed. Pursuant to 5 U.S.C. § 8705(a), since the attempted designation was not signed, it "has no force or effect." Plaintiff argues that we must try and determine the intent of the Insured and argues that we should proceed onward with discovery and the introduction of extrinsic evidence in order to resolve certain issues regarding the Insured's intent. Plaintiff argues that since the Insured merely attempted to change the allocation rather than the beneficiaries of the policy in 1996 we should disregard the lack of a signature and look to extrinsic evidence of his intent. Plaintiff states that since the Insured only attempted to make a "change in allocation amount of the Insurance proceeds to the already named beneficiaries," the "signature requirements of § 8705(a) do not apply to the current matter." (Ans. Mot. 13). However, Plaintiff offers no legal authority to support her position. Plaintiff also argues that since the Insured made a change in allocation in his Thrift Savings plan on the same day in 1996 that we should presume that the Insured intended the same allocation in regards to his insurance policy. (Ans. Mot. 14). Again, Plaintiff fails to offer any legal authority to support her position. In fact the only reference to any legal authority in Plaintiff's answer brief to the instant motion is in regards to the legal standard for a judgment on the pleadings. The attempted 1996 designation has no effect under the plain language of the FEGLIA and the applicable regulation merely reiterates the requirement that a "designation of beneficiary *must* be in writing, *signed by the*

5

*insured individual*, and witnessed and signed by 2 people...." 5 C.F.R. § 870.802 (emphasis added). Therefore, we grant MLI's motion for judgment on the pleadings and determine that the remaining 15% ($57,600.00 plus interest) should properly be paid to Justina Olaer, the Insured's mother. *See Hightower v. Kirksey*, 157 F.3d 528, 531 (7th Cir. 1998)(stating that " based on Congress's intent and the plain language of the statute and FEGLIA regulations, there can be no doubt that section 8705(a) requires that a beneficiary designation form be signed by the insured [and noting that the court had] found no cases ... that support the validation of an unsigned beneficiary designation form under section 8705(a).")(stating in addition: "despite the insured's probable intent to designate [the defendant] as beneficiary to his life insurance policy proceeds, we refuse to cast aside the clear mandate of the Congress and consider extrinsic evidence relating to the Insured's intent.").

## CONCLUSION

Based on the foregoing analysis we grant the motion for judgment on the pleadings.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 11, 2004